UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JENNIFER BOHNSTADT,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART INC., d/b/a Sam's Club,<br><br>Defendant. | 4:26-CV-04071-ECS<br><br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EMERGENCY PRESERVATION ORDER |

Plaintiff Jennifer Bohnstadt filed a pro se complaint alleging that she was subject to employment discrimination. Doc. 1. She also filed a Motion for Emergency Preservation Order, requesting that the Court enter an "emergency order requiring Defendant Walmart Inc. to preserve electronically stored information and other evidence relevant to this action, and to immediately suspend certain employees' access to the systems containing that evidence." Doc. 6 at 1.

## I.    Preservation Request

Bohnstadt requests that this Court order Defendant to preserve several categories of evidence: visit notes for Market #7, SharePoint and Microsoft 365 audit logs for Market #7 OneNote notebooks, documents reflecting whether Defendant implemented any document preservation directive in response to prior preservation demands, the corporate investigator's file related to her allegations, her complete personnel file, records related to her accommodation request, and several types of communications related to her employment. Id. at 2–3. Bohnstadt

indicates that she has previously made four written demands for Defendant to preserve evidence. Id. at 1.

"A party has an obligation to preserve evidence when the party knows that the evidence is relevant to future or current litigation." Counts v. Halverson, 4:23-CV-04103-KES, 2024 WL 4988345, at *2 (D.S.D. Dec. 5, 2024) (citing Blazer v. Gall, 1:16-CV-01046-KES, 2019 WL 3494785, at *3 (D.S.D. Aug. 1, 2019)). "Generally, a defendant's duty to preserve evidence is triggered at the time the case is filed, unless the defendant before that time becomes aware of facts from which it should reasonably know that evidence is to be preserved as relevant to future litigation." Swindle v. Christy, No. 20-06013-CV-SJ-GAF, 2021 WL 5297047, at *3 (W.D. Mo. Mar. 4, 2021) (citation omitted). Thus, Defendant already has an obligation under the law to preserve evidence relevant to the current litigation. If Defendant "breaches its duty to preserve evidence, the court has authority to impose spoliation sanctions." Counts, 2024 WL 4988345, at *2 (citing Stevenson v. Union Pac. R.R. Co., 354 F.3d 739, 745 (8th Cir. 2004) and Fed. R. Civ. P. 37(e)). Accordingly, because Defendant already has a legal obligation to preserve evidence, Bohnstadt's motion for this Court to enter an emergency preservation order is denied. This denial, however, does not negate Defendant's obligation to preserve relevant evidence.

## II.     Motion for Suspension of System Access

Bohnstadt also "requests that the Court order Defendant to immediately suspend Scott Turner's and Erin Launspach's access to all OneNote, SharePoint, and human resources information systems pending completion of forensic preservation of the relevant records." Doc. 6 at 3. She claims that "[c]ontinued access creates an ongoing and immediate risk of irreparable spoliation." Id. This Court liberally construes Bohnstadt's request as a motion for a temporary restraining order.

> A temporary restraining order may be issued without notice to the adverse party only if
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). Bohnstadt has not indicated that she provided notice of her current motion to Defendant. Nor has she certified in writing any efforts to give notice of this current motion and the reasons notice should not be required. She also has not submitted an affidavit, and her complaint was not verified. Thus, Bohnstadt's motion for temporary restraining order is denied.

Accordingly, it is

ORDERED that Bohnstadt's Motion for Emergency Preservation Order, Doc. 6, is denied.

DATED this 15th day of April, 2026.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

3