UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JENNIFER BOHNSTADT,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART INC., d/b/a Sam's Club,<br><br>Defendant. | 4:26-CV-04071-ECS<br><br><br>ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY INJUNCTION |

Plaintiff Jennifer Bohnstadt filed a pro se complaint alleging that she was subject to employment discrimination. Doc. 1. Bohnstadt has filed a Renewed Motion for Preliminary Injunction. Doc. 9. Defendant Walmart Inc. opposes Bohnstadt's motion. Doc. 17.

## I.    Background

Bohnstadt filed a Motion for Emergency Preservation Order requesting that the Court order Defendant Walmart Inc. to preserve electronically stored information and other evidence relevant to this action and to suspend certain employees' access to the systems. Doc. 6. This Court denied her motion for a preservation order because Walmart already has an obligation under the law to preserve evidence and denied her motion for a temporary restraining order to limit Walmart Employees Scott Turner and Erin Launspach's access to relevant records because Bohnstadt failed to comply with the requirements of Federal Rule of Civil Procedure 65(b). Doc. 7.

Bohnstadt now requests a preliminary injunction seeking similar relief. Doc. 9. Bohnstadt again outlines what she alleges are a history of edits and changes made to the relevant

evidence in OneNote and other systems, including addition or deletion of photographs and text. Doc. 10. In her reply brief, Bohnstadt alleges that on May 1, 2026,[1] she received an email from Launspach informing Bohnstadt that she must "take action to accept a stock award and warned that failure to act would risk losing it." Doc. 18 at 1 (citation modified). Bohnstadt argues that "the email is inconsistent with any reasonable understanding of an operative litigation hold." Id. (citation modified).

## II.    Motion for Preliminary Injunction

In Bohnstadt's motion, she requests a preliminary injunction requiring Walmart to certify evidence preservation steps and directing Walmart to preserve "records at issue in this action, including all version history, edit metadata, timestamps, authorship information, and recoverable deleted content associated with the relevant OneNote, SharePoint, human resources, and related information systems." Doc. 9 at 1. She also requests "Defendant be ordered to ensure that no alteration, deletion, overwriting, or routine destruction affects those records pending further order of the Court." Id. Finally, she asks that "to the extent the Court finds such relief necessary to . . . order Defendant to suspend or restrict Market Manager Scott Turner's and Market People Partner Erin Launspach's access to the specific systems containing the records at issue." Id.

The Court considers the Dataphase factors when looking at requests for a preliminary injunction. The Dataphase factors are: (1) the threat of irreparable harm to the movant; (2) the balance between that harm and the injury that granting the injunction will inflict on the other interested parties; (3) the probability the movant will succeed on the merits; and (4) whether the

---

[1] Bohnstadt received the email after she had filed her Renewed Motion for Preliminary Injunction. Doc. 9 (Renewed Motion for Preliminary Injunction filed on April 16, 2026); Doc. 18 at 1, 5 (email received on May 1, 2026).

injunction is in the public interest.[2] Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc).

"To succeed in demonstrating a threat of irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." Roudachevski v. All-American Care Ctrs., Inc., 648 F.3d 701, 706 (8th Cir. 2011) (citation modified). Bohnstadt argues that there is a threat of irreparable harm from the risk of harm of loss or alteration of evidence central to her claims. Doc. 11 at 3–4. But as the Court noted in its prior order and as Walmart argues, the law and the Federal Rules of Civil Procedure already provide an obligation to preserve relevant evidence and provide remedies for failure to preserve such information. Doc. 7 at 2; Doc. 17 at 4. Further, an email about stock ownership does not alone show that Defendant has failed to instigate a proper procedure for preserving evidence. Accordingly, Bohnstadt has not shown a threat of irreparable harm.

Bohnstadt argues that the balance of hardships favors entering a preliminary injunction because her request is "modest" and "narrow" and does not impose significant hardship. Doc. 11 at 4. Defendant argues that the requested injunction would do more than require the preservation of evidence because Bohnstadt requests that this Court order a market-level manager and human resource personnel to not access systems relied on in their daily work. Doc. 17 at 6. As this

---

[2] Walmart notes that some courts have used a three-factor test for preservation injunctions, which considers (1) the threat of irreparable harm to the movant, (2) the concern for maintenance and integrity of the evidence, and (3) the capability of the party to maintain the evidence. Doc. 17 at 4 n.1 (citing Buergofol GmbH v. Omega Liner Co., No. 4:22-CV-04112-KES, 2024 WL 4882205, at *1 (D.S.D. Nov. 25, 2024)). This Court recognizes that the threat of irreparable harm weighs against entering an injunction. See infra at 3. The Court does not find significant concern for maintenance of the evidence because even though Bohnstadt indicates that she can no longer personally view when relevant documents have been edited, it is clear that—based on the fact that she could at one point see the edit timestamps and version history—the systems utilized contain a recoverable edit history. See generally Doc. 10. There is also no indication that Defendant is not capable of and will not preserve the evidence without a court order. Id.; see also Doc. 17 at 8 n.2 ("Plaintiff also fails to argue or establish a right to an injunction under Buergofol GmbH, as she offers no evidence that Walmart failed to adhere to its preservation obligation or cannot maintain the integrity of the relevant evidence."). Thus, regardless of whether the Court considers the three-factor test or the Dataphase factors, the Court does not find that a preliminary injunction is warranted.

3

Court already noted, the law and the Federal Rules of Civil Procedure already impose an obligation to preserve evidence such that a court order is not needed at this time. As to limiting the access of managers or human resource personnel to operational systems that are important for their work functions, this Court finds that the hardship to the Defendant weighs against entering an injunction.

Bohnstadt has not shown that she is likely to succeed on the merits. At this stage, her likelihood of success on the merits is unclear. Thus, this factor weighs against entering a preliminary injunction.

Bohnstadt argues that "[t]he public interest strongly favors the integrity of evidence in federal litigation and compliance with preservation obligations once litigation is pending." Doc. 11 at 4. Defendant argues "[c]ritically, to the extent such an interest exists, the Federal Rules of Civil Procedure already promote and protect that interest with the preservation obligation." Doc. 17 at 7. This Court agrees with both parties. The public interest favors the integrity of evidence. But the Federal Rules of Civil Procedure promote and protect this interest, and the Court does not believe an injunction is necessary here.

Consistent with this Court's prior ruling, the law and the Federal Rules of Civil Procedure provide adequate protections for preservation of evidence and remedies for spoliation such that a preliminary injunction is not necessary. The Dataphase factors weigh against entering a preliminary injunction. Thus, Bohnstadt's Renewed Motion for Preliminary Injunction, Doc. 9, is denied. But this denial does not negate Defendant's obligation to preserve relevant evidence.

Accordingly, it is

ORDERED that Plaintiff's Renewed Motion for Preliminary Injunction, Doc. 9, is denied.

DATED this 15th day of May, 2026.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

5